UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HANEEF GARRETT,

          Petitioner,

v.

          CIVIL NO. 2:13-CV-11339
          HONORABLE PAUL D. BORMAN
          UNITED STATES DISTRICT COURT

JEFFREY LARSON,

          Respondent.
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

Haneef Garrett, ("Petitioner"), presently confined at the Central Michigan Correctional Facility in St. Louis, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his convictions for failing to register as a sex offender, second offense, Mich. Comp. Laws § 28.729(1)(B); two counts of domestic violence, third offense, Mich. Comp. Laws § 750.81(4); one count of assault and battery, Mich. Comp. Laws § 750.81; one count of larceny in a building, Mich. Comp. Laws § 750.356; and being a fourth felony habitual offender, Mich. Comp. Laws § 769.12.

Petitioner has now filed a motion to stay the habeas petition, in order to complete an appeal from his re-sentencing that is currently pending before the Michigan Court of Appeals. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to complete the direct appeal from his re-sentencing, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

1

## I. BACKGROUND

Petitioner pleaded *nolo contendere* to the above charges in four separate criminal cases in the Oakland County Circuit Court.

Petitioner appealed all of the cases to the Michigan Court of Appeals in a joint appeal. The Michigan Court of Appeals affirmed petitioner's convictions and sentences. *People v. Garrett*, No. 305136 (Mich.Ct.App. October 11, 2011).

Petitioner then filed an application for leave to appeal to the Michigan Supreme Court. In *lieu* of granting leave to appeal, the Michigan Supreme Court vacated petitioner's sentence in part and remanded it back to the Oakland County Circuit Court for re-sentencing. *People v. Garrett*, 491 Mich. 907, 810 N.W.2d 585 (2012).

The trial court re-sentenced petitioner on June 2, 2012. According to petitioner, the trial judge ignored the Michigan Supreme Court's instructions with respect to the re-sentencing. Petitioner filed an appeal from his re-sentencing, which remains pending before the Michigan Court of Appeals.

On March 20, 2013, petitioner filed a petition for writ of habeas corpus, in which he seeks habeas relief on the eight claims that he raised on his first appeal with the Michigan appellate courts.[1]

Petitioner has now filed a motion to stay the habeas petition pending the completion of his re-sentencing appeal by the Michigan Court of Appeals and the Michigan Supreme Court.

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on March 20, 2013, the date that it was signed and dated. *See Towns v. U.S.*, 190 F. 3d 468, 469 (6th Cir. 1999).

## II. DISCUSSION

The instant petition is subject to dismissal because petitioner's re-sentencing appeal remains pending in the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Sanders v. McKee*, 276 F. Supp. 2d 691, 693 (E.D. Mich. 2003). The exhaustion requirement applies to any claims which may arise from a re-sentencing. *See e.g. Prendergast v. Clements,* 699 F. 3d 1182, 1184-85 (10th Cir. 2012).

In the present case, petitioner claims that he has an appeal from his re-sentencing that remains pending in the Michigan Court of Appeals concerning the convictions challenged in this petition. The general rule is that a habeas petition should be denied on exhaustion grounds where the petitioner's appeal remains pending in the state appellate courts. *See e.g. Juliano v. Cardwell*, 432 F. 2d 1051, 1051 (6th Cir. 1970); *See also Puertas v. Overton,* 272 F. Supp. 2d 621, 627 (E.D. Mich. 2003). Moreover, even if petitioner has already exhausted the claims that he raises in this petition on his first appeal, this would not be enough to satisfy the exhaustion requirement of 28 U.S.C. §§ 2254(b) and (c). When an appeal of a state criminal conviction is pending in the

3

state courts, as petitioner claims is the case here, "a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood v. Tomkins,* 716 F. 2d 632, 634 (9th Cir. 1983). The rationale behind this rule is that even if the federal constitutional question raised by a habeas corpus petitioner cannot be resolved by the state courts in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting any federal question. *Id., See also Woods v. Gilmore,* 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998); *Szymanski v. Martin,* No. 99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000). Therefore, petitioner's claims are premature and subject to dismissal on the grounds that petitioner has failed to exhaust his state court remedies. *Sherwood,* 716 F. 2d at 634.

The Court will, however, grant petitioner's motion to hold the petition in abeyance while he completes his re-sentencing appeal in the state courts. In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of petitioner's claims in this Court due to the expiration of the AEDPA's one year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as petitioner has apparently done here, and then ask for the petition to be held in abeyance pending

4

the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)).

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. *See Palmer v. Carlton,* 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims to the Michigan Court of Appeals within sixty days from the date of this Order, if he has not already done so. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer,* 276 F. 3d at 781 (internal quotation omitted).

## III. ORDER

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus shall be held in abeyance pending the completion of petitioner's direct appeal from his re-sentencing. This tolling is conditioned upon petitioner filing an appeal with the Michigan Court of Appeals within **sixty (60) days** of this order, if he has not already done so, and re-filing his habeas petition under the current caption and case number within **sixty (60) days** after the conclusion of his state court appeals.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677

5

(E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**SO ORDERED.**

_____
PAUL D. BORMAN
UNITED STATES DISTRICT COURT

DATED: 4/17/2013